IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 10-cv-00385-REB-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

    Plaintiff,

v.

JOHN GARRETT, an individual,

    Defendant.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

The matter before me is the motion for temporary restraining order contained within **Plaintiff's Application for Temporary Restraining Order and Order To Show Cause as to a Preliminary Injunction** [#6], filed February 23, 2010. I heard arguments on the motion for temporary restraining order on March 3, 2010. I deny the motion insofar as it seeks a temporary restraining order.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

A temporary restraining order is extraordinary relief. A party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;

and (4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. **FED.R.CIV.P.** 65(b).

Although plaintiff argues that its request for injunctive relief should be reviewed by a more lenient standard because it seeks to preserve the status quo, *see Bray v. QFA Royalties LLC*, 486 F.Supp.2d 1237, 1241-42 (D. Colo. 2007),[1] the injunction it seeks would provide it substantially all the relief it would receive following a verdict on the merits. Such injunctions are particularly disfavored. *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991), *overruled on other grounds by O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975-76 (10th Cir. 2004) (en banc), *aff'd*, 126 S.Ct. 1211 (2006). Therefore, plaintiff's request for injunctive relief "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro*, 389 F.3d at 975.

---

[1] Under this standard, the likelihood of success element of preliminary injunctive relief is modified such that a plaintiff who makes a strong showing on the other three elements may satisfy the likelihood-of-success requirement "simply by raising questions so serious, substantial, difficult and doubtful as to make the issues ripe for litigation and deserving of more deliberative investigation." *Bray*, 486 F.Supp.2d at 1241-42 (citation and internal quotation marks omitted). I note that at least one court in this district recently has questioned the continued viability of this standard in light of the Supreme Court's decision in *Winter v. Natural Resource Defense Council, Inc.*, – U.S. –, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). *See Predator International, Inc. v. Gamo Outdoor USA, Inc.*, – F.Supp.2d –, 2009 WL 3526497 at *5 (D. Colo. Oct. 22, 2009). As in *Predator International*, however, I need not address the issue here, since even if plaintiff were entitled to the benefit of this standard, it has not shown that the other elements of injunctive relief "tip *decidedly* in its favor." *Id.* (quoting *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir .2003)) (emphasis in *Heideman*, internal quotation marks omitted).

III.  ANALYSIS

Plaintiff's motion for temporary restraining order must be denied because plaintiff has failed to demonstrate with specific factual allegations and proof that plaintiff enjoys a substantial likelihood that it eventually will prevail on the merits or that immediate and irreparable injury will result absent a temporary restraining order.

Plaintiff acknowledged at the hearing that its evidence at the moment consists of a series of suspicious circumstances and reasonable concomitant inferences.  What plaintiff lacks is any concrete proof that defendant continues to possess most of the historical company information it claims he did not return following the resignation of his employment.  Nor does plaintiff have anything other than its own fears to substantiate that plaintiff has used either that information or the cell phone number he was permitted to retain to solicit plaintiff's employees or customers or otherwise use plaintiff's alleged trade secrets for nefarious purposes.[2]

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  ***Heideman v. South Salt Lake City***, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation and internal quotation marks omitted).  Plaintiff's unsubstantiated fears do not meet that lofty standard and, thus, do not warrant the extraordinary remedy of a temporary restraining order.

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's motion for temporary restraining order, as asserted in **Plaintiff's Application for Temporary Restraining Order and Order To Show Cause**

---

[2]  Although plaintiff argues that it requires discovery to determine whether any such contacts have occurred, it is unclear why it was unable to simply contact its own customers and inquire.

**as to a Preliminary Injunction** [#6], filed February 23, 2010, is **DENIED**;

  2. That a telephonic motions setting hearing conference **IS SET** for Thursday, **March 11, 2010**, at 10:30 a.m. MST, with the court's Judicial Assistant, Ms. Susan Schmitz, at (303) 335-2350, to either schedule a hearing on the motion insofar as it seeks a preliminary injunction or to advise the court of the status of the matter; and

  3. That counsel for plaintiff **SHALL ARRANGE** and **COORDINATE** the conference call necessary to facilitate the setting conference.

  Dated March 4, 2010, at Denver, Colorado.

                  **BY THE COURT:**

                  Robert E. Blackburn
                  United States District Judge