**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-00385 REB-BNB

SBM SITE SERVICES, LLC, an Oregon Limited Liability Company

    Plaintiff,

v.

JOHN GARRETT, an individual,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in the Stipulated Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34 (a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy, proprietary business, commercial, and trade secret interests of the parties as determined in good faith by the attorneys representing the designating party. CONFIDENTIAL documents, materials, and/or information shall be used solely for purposes of this litigation. CONFIDENTIAL information shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed by a recipient, *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties and representatives of the corporate parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be information whose disclosure to another Party would create a risk of injury that could not be avoided by less restrictive means, as determined in good faith by the attorneys representing the designating party. CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, and/or information shall be used solely for purposes of this litigation. CONFIDENTIAL - ATTORNEYS' EYES ONLY information shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

6. CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, and/or information shall not, without the consent of the party producing it or further Order of the Court, be disclosed by a recipient, *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial

or other proceedings in this case;

(d) Court Personnel;

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

 (f) Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

7. Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment in the form attached hereto as <u>Exhibit A</u> stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If and to the extent that such information is entered as an Exhibit at the trial relating to this action, a clean copy of the document without the legend may be submitted for admission into evidence.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY information, the deposition or portions thereof may be designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY and shall not thereafter be treated as

CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY in accordance with this Stipulated Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.  The designation of or decision not to challenge any designation of a document as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY will in no way be deemed evidence of or an admission that such document is in any way subject to protection under any common law or statutory right, or that such information is actually or potentially proprietary or trade secret.

11. The filing of any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, and/or information shall be made under seal, in compliance with D.C.COLO.LCivR 7.2.

12. The restrictions on the use of CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY information established by this Stipulated Protective Order are applicable only to the use by a party of CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY information received from another party or any non-party.  This Agreement and Order shall not restrict a party's use of such documents, information and other things which that party possessed before the commencement of this action or acquired after the commencement of this action through informal means not involving discovery or other compulsory process.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or

1072252.1

CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, or the parties may elect to destroy CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY documents.  Where the parties agree to destroy CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.  Each party's counsel shall be permitted to keep one copy for its files of any work product that may contain or reference CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents.  However, such copies shall be kept in a confidential manner and the CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents shall retain their status until it is destroyed as part of counsel's regular file retention and destruction process.

14.	By agreeing to the entry of this Stipulated Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15.	This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

	DATED June 14, 2010, at Denver, Colorado.

						BY THE COURT:

						 s/ Boyd N. Boland
						United States Magistrate Judge

1072252.1

STIPULATED AND AGREED BY:

| | |
|---|---|
| *s/ Cassandra M. Ferrannini* | *s/ Denise D. Riley* |
| William R. Warne | Denise D. Riley |
| Janlynn R. Fleener | KAMLET REICHERT, LLP |
| Cassandra M. Ferrannini | 950 Seventeenth Street, Suite 2400 |
| DOWNEY BRAND, LLP | Denver, Colorado 80202 |
| 621 Capitol Mall, 18th Floor | |
| Sacramento, CA 95814 | ATTORNEYS FOR DEFENDANT |
| | |
| ATTORNEYS FOR PLAINTIFF | |