IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00385-REB-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

Plaintiff,

v.

JOHN GARRETT, an individual,

Defendant.
_____

**ORDER**
_____

This matter arises on the **Joint Motion to Amend the Scheduling Order** [Doc. # 44, filed 8/17/2010] (the "Motion for Extension"), which is GRANTED IN PART.

I held a scheduling conference in this case on April 19, 2010, and entered a Scheduling Order [Doc. # 26] establishing the following schedule:

| | |
|---|---|
| Discovery Cut-Off: | October 20, 2010 |
| Dispositive Motions Deadline: | November 19, 2010 |
| Expert Disclosures: | Principal experts on August 18, 2010<br>Rebuttal experts on September 30, 2010 |
| Final Pretrial Conference: | January 4, 2011. |

The deadlines were driven largely by the directive of the district judge that "[w]henever practicable, the case shall be set for trial within twelve (12) to fourteen (14) months from the filing of the complaint."  REB Civ. Practice Standards IV.B.1.  The complaint in this case was filed on February 22, 2010, and the district judge set the case for a fifteen day jury trial commencing February 28, 2011.   Trial Preparation Conference Order [Doc. # 27, filed

4/20/2010] at ¶¶2-3.[1]

The parties now move to extend the pretrial deadlines by approximately 60 days. The parties claim that the extensions are needed for the following reasons:

1. Although the deposition of the defendant has been "commenced," Motion for Extension at ¶3, responses to written discovery are required "before noticing the depositions of various third parties," id.;

2. The deposition of the plaintiff is scheduled to occur during the first three days of September 2010, id. at ¶4; and

3. Finally:

> Due to various scheduling conflicts, including, but not limited to, the unavailability of Mr. Garrett's counsel due to a seven (7) day trial before Senior Judge Matsch commencing September 20, 2010, and the unavailability of SBM's counsel due to a separate arbitration commencing in early October, 2010, the Parties agree that there is insufficient time to conduct all of the necessary discovery and prepare expert witness reports prior to the current discovery cut-off of October 20, 2010.

Id. at ¶5.

The proffered reasons do not constitute good cause justifying the extension requested. Primarily, as the practice standards of the district judge make clear, "[m]otions for extension of time are strongly discouraged," and "[t]he following do not constitute good cause" for such extensions: "press of business" and "conflicts in scheduling. . . ." REB Civ. Practice Standards II.G.1. If the lawyers cannot adequately represent their clients in this matter they should decline

---

[1] I am aware that the parties also have moved to reschedule the trial. See Joint Motion to Vacate and Continue the Final Pretrial and Trial Preparation Conferences and the Trial Date [Doc. # 45, filed 8/17/2010]. That motion has been reserved by the district judge for determination and has not been ruled on.

the engagement, obtain additional assistance from within their firms, or engage associate counsel.

Nor do the parties explain why the written discovery necessary for the conduct of depositions was not completed in the approximately four months between the scheduling conference and the date of the filing of the Motion for Extension.

The Motion for Extension was filed on the day before the deadline for disclosing principal experts, and it seeks to extend that deadline. I do not condone such delay in seeking relief, and I will not be trapped into granting an extension of time based on such conduct. However, I understand the importance of expert witnesses, and I do not want to prejudice the determination of the case on the merits. Consequently, I will grant a brief extension of the deadline to designate principal experts to allow their prompt disclosure, and I will also extend the deadline for designating rebuttal experts and the expert discovery cut-off to accommodate that extension.

I am unable to extend the dispositive motion deadline if the district judge is to have sufficient time to rule on any such motions after the briefing is completed and before the trial.

IT IS ORDERED that the Motion for Extension [Doc. # 44] is GRANTED IN PART and the case schedule is modified to the following extent:

**Expert** Discovery Cut-Off:  **November 19, 2010**

Expert Disclosures:

(a) The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 17, 2010**; and

(b) The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 18, 2010**.

IT IS FURTHER ORDERED that the Motion for Extension is DENIED in all other respects.

Dated August 24, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4