IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00385-REB-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

Plaintiff,

v.

JOHN GARRETT, an individual,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant John Garrett's Unopposed Motion to Continue the Trial Dates and Request for Scheduling Conference** [Doc. # 94, filed 11/18/2010] (the "Motion to Continue Trial"). I respectfully recommend that the Motion to Continue Trial be GRANTED.

In this action the plaintiff alleges that its former vice president misappropriated trade secrets and is utilizing those secrets in direct competition against the plaintiff.

The plaintiff has diligently pursued its claims. I conducted a scheduling conference on April 19, 2010, and set a case schedule. At that time, the district judge set the case for a 15 day jury trial commencing on February 28, 2011. See Trial Preparation Conference Order [Doc. # 27] at p. 3. Discovery commenced. The plaintiff deposed the defendant. On July 2, 2010, the plaintiff served written discovery directed at certain electronically stored information in the possession or control of the defendant or his current employer. The defendant responded to that discovery on August 20, 2010. The responses were inadequate and, after complying with the

meet and confer requirements of D.C.COLO.LCivR 7.1A, the plaintiff moved to compel discovery on October 6, 2010. I generally granted the motion to compel in an order entered on October 19, 2010. Order [Doc. # 77]. As a result of my order compelling discovery, I am informed, without contradiction, that a substantial amount of relevant electronically stored information ("esi") has been produced and is in the process of being produced. The evidence before me indicates that the esi includes "SBM's confidential information, including (without limitation) SBM's bidding procedures, historical bids, business processes, pipeline information, internal documents, and screenshots of SBM's proprietary InSite program." Declaration of Cassandra M. Ferrannini [Doc. # 97, filed 11/18/2010] at ¶3. The plaintiff argues that this discovery constitutes "extraordinary circumstances" which require substantial additional discovery and amendment of the complaint to add the defendant's current employer. The plaintiff argues that a failure to vacate the current trial date will result in prejudice. All parties agree that the trial date should be vacated and reset at a later date.

Based on these facts, I find that trial of this case beginning on February 28, 2011, is impracticable and would be prejudicial to the plaintiff.

I respectfully RECOMMEND that the Motion to Continue Trial [Doc. # 94] be GRANTED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.

Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

     Dated December 2, 2010.

                                       BY THE COURT:

                                       /s/ Boyd N. Boland
                                       United States Magistrate Judge