IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00385-REB-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

Plaintiff,

v.

JOHN GARRETT, an individual,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1)   **Plaintiff's Motion for Leave to File First Amended Complaint** [Doc. # 103, filed 11/24/2010] (the "Motion to Amend");

(2)   **Plaintiff's Motion to Enforce the Court Ordered ESI Discovery Plan** [Doc. # 116, filed 12/27/2010] (the "Motion to Enforce ESI Plan");

(3)   **Plaintiff SBM's Motion to Compel Further Inspection of Garrett's Computer Equipment; Production of Documents Provided by Third-Parties; and Garrett's Written Discovery Responses; and Request for Sanctions** [Doc. # 127, filed 1/5/2011] ("Plaintiff's Motion to Compel"); and

(4)   **Defendant Garrett's Motion for Supplemental Protective Order** [Doc. # 180, filed 1/18/2011] ("Defendant's Motion for Protective Order").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here. For the reasons stated on the record,

IT IS ORDERED:

(1)     The Motion to Amend [Doc. # 103] is GRANTED.  The Clerk of the Court is directed to accept for filing Plaintiff SBM Site Services, LLC's First Amended Complaint [Doc. # 103-1].

(2)     The Motion to Enforce ESI Plan [Doc. # 116] is DENIED as moot.

(3)     Plaintiff's Motion to Compel [Doc. # 127] and Defendant's Motion for Protective Order [Doc. # 180] are GRANTED IN PART and DENIED IN PART as follows:

• DENIED insofar as Plaintiff's Motion to Compel is addressed to Garrett's responses to plaintiff's written discovery, full responses having been provided, and insofar as it seeks sanctions; and

• GRANTED IN PART and DENIED IN PART insofar as they address production of esi from Garrett, the Dropbox, Yahoo, and Google.  The esi from Garrett, the Dropbox, Yahoo, and Google, expanded in scope as the parties have agreed, shall occur promptly and generally in accordance with the protocol proposed by the defendant as Exhibit A-2 to Defendant's Motion for Protective Order [Doc. # 180-1].  All productions shall be filtered. After filtering, responsive documents shall be subjected to an electronic privilege review.  The defendant shall have 30 days after the electronic privilege review to serve a privilege log as to those documents subject to a  claim of privilege or immunity and to produce those documents identified electronically as potentially privileged but as to which the defendant claims no privilege or immunity.  The responsive documents not identified by the electronic privilege review shall be made available to the defendant, who shall have 14 business days to review them for privilege, serve a privilege for those documents withheld on a claim of privilege or immunity,

and produce the responsive documents not claimed to be privileged or immune from production. The defendant may seek additional time beyond the 14 business days for its privilege review, but any such extension must be based upon a showing of need due to unexpected volume or difficulty in making the privilege review. If the defendant fails to file in a court of competent jurisdiction a motion for extended time for privilege review within the 14 business days allowed, all claims of privilege or immunity with respect to documents not yet produced or identified on a privilege log shall be forfeited. The protocol for production shall provide the plaintiff with an adequate process to seek de-designation of documents designated as Confidential or Attorneys Eyes Only and to challenge a claim of privilege or immunity.

(4)   A supplemental scheduling conference is set for **February 18, 2011, at 3:00 p.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties shall submit a revised proposed scheduling order on or before **February 14, 2011**. The plaintiff shall serve a copy of this order on Crown Building Maintenance, Inc., d/b/a Able Building Maintenance, Able Services, and Able Corp. (collectively "Able"), and otherwise assure that Able is informed of the scheduling conference.

Dated January 21, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge