IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00385-WJM-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

Plaintiff,

v.

JOHN GARRETT, an individual, and
CROWN BUILDING MAINTENANCE, INC., d/b/a Able Building Maintenance, d/b/a Able Services, d/b/a Able Acquisition Corp.,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

1. **Defendant John Garrett's Motion to Clarify Order, Or In the Alternative, Motion to Withdraw Admissions** [Doc. # 208, filed 2/11/2011] (the "Motion to Withdraw Admissions");

2. **Defendant John Garrett's Motion for Extension of Time to File a Reply In Support of Motion for Summary Judgment Pending Ruling on Garrett's Motion to Strike** [Doc. # 209, filed 2/11/2011] (the "Motion for Extension");

3. **Plaintiff SBM Site Services, LLC's Unopposed Motion to Seal Records Submitted in Support of Plaintiff's Motion for Preliminary Injunction Against Defendant Crown Building Services, Inc., dba Able Services** [Doc. # 257, filed 3/2/2011] (the "Motion to Seal"); and

4. **Defendant John Garrett's Motion for a Protective Order Regarding SBM's Requests for Production Set Two** [Doc. # 277, filed 3/4/2011] (the "Motion for Protective Order").

### 1. The Motion to Withdraw Admissions [Doc. # 208]

The plaintiff served requests for admissions on Garrett on October 19, 2011, and the parties agreed that responses were due on December 2, 2010. Opposition [Doc. # 252] at p. 2. In the meantime, Garrett filed an Unopposed Motion to Vacate and Reset Discovery Deadlines [Doc. # 93] (the "Garrett's Motion to Reset"), which sought an overall extension of the case schedule, including an extension of the discovery cut-off. Garrett's Motion to Reset did not mention the outstanding requests for admissions or ask that the deadline for responding to that specific discovery be extended.

By coincidence, on December 2, 2010, the same day Garrett's response to the requests for admissions was due, I granted Garrett's Motion to Reset, stating that "all deadlines established in the Scheduling Order are VACATED." Minute Order [Doc. # 109]. The Scheduling Order establishes deadlines to designate expert and rebuttal expert witnesses, the discovery cut-off, dispositive motion deadline, date for filing a proposed final pretrial order, date of the pretrial conference, and the like. It does not establish deadlines for answering specific discovery requests; those deadlines are established by the Federal Rules of Civil Procedure. I have previously characterized as "outrageous" Garrett's argument that an order vacating a Scheduling Order alters the deadlines for specific discovery responses established by the Federal Rules. Transcript of Proceedings (1/22/2011) [Doc. # 193] (the "1/22/2011 Trans.") at p. 23 line at lines 11-24 (stating "I vacated the scheduling order. . . . That's different than saying that the .

. . deadlines imposed by the Rules of Civil Procedure were vacated. I didn't do that, and I think you know it. . . . Those are outrageous positions if you ask me"). The minute order vacating the Scheduling Order does not require clarification, and certainly not after the hearing on January 22, 2011.

The relief Garrett really seeks is an order allowing him to withdraw his admissions. As a consequence of Garrett's failure to respond by December 2, 2010, to the plaintiff's requests for admissions as required under the parties' agreement, the requests were deemed admitted. See Fed. R. Civ. P. 36(a)(3) (stating that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection"). Rule 36(b) allows a court to relieve a party of that consequence, on motion and a showing that "it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defendant the action on the merits." Fed. R. Civ. P. 36(b).

The first prong of the Rule 36(b) test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005)(internal quotations and citation omitted). The second prong of the test requires the non-moving party to "show that it would be prejudiced by the withdrawal of [the] admissions." Id. Mere inconvenience does not constitute prejudice in this context. To the contrary:

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. . . . The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case, *e.g.*, caused by

>>the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

Id. (internal quotations and citations omitted).

Applying the two-pronged test of Rule 36(b) here leads me to conclude that Garrett should be allowed to withdraw the deemed admissions and to substitute his subsequent written responses. See Defendant John Garrett's Responses to SBM's Requests for Admissions [Doc. # 208-2]. First, I find that enforcing the deemed admissions would practically eliminate any presentation of the merits of the case. For example, deeming the requests admitted would remove from controversy several ultimate issues of fact including that Garrett "retained SBM's confidential information for the purpose of [personal benefit]" and "used SBM's confidential information" in connection with his employment with Able. Id. at Request for Admission Nos. 8-9. In addition, I find that the plaintiff has failed to establish that it will suffer any prejudice in maintaining its claims on the merits if the admissions are allowed to be withdrawn. A new defendant recently was added to the case; substantial additional discovery must be taken; a new discovery cut-off date will be established; and the plaintiff will have every opportunity afforded by the rules of procedure to gather and present evidence in support of its claims.

The plaintiff argues that it will be prejudiced by the withdrawal of the admissions because the plaintiff relied on those admissions in its Opposition to Garrett's Motion for Summary Judgment on the First, Second, Fourth, Sixth, and Eleventh Claims for Relief [Doc. # 144]. If necessary, the plaintiff may seek leave to submit a new response which includes evidence rather than reliance on the deemed admissions, or it may seek an extension or other

relief under Rule 56(d) if it requires time to obtain such evidence.[1]

The Motion to Withdraw Admissions [Doc. # 208] is GRANTED. Defendant John Garrett's Responses to SBM's Requests for Admissions [Doc. # 208-2] are substituted for the deemed admissions.

## 2. Motion for Extension [Doc. # 209]

On November 19, 2010, Garrett filed a Motion for Summary Judgment on the First, Second, Fourth, Sixth, and Eleventh Claims for Relief [Doc. # 101]. The plaintiff responded on January 7, 2011, with its Opposition [Doc. # 144], four supporting declarations [Docs. # 145-148], and numerous sealed exhibits [Docs. # 150-162] (collectively, the "Opposition"). It is reported that the Opposition exceeds one thousand pages. Garrett's Motion to Strike SBM's Opposition [Doc. # 194] at p. 2; Motion for Extension [Doc. # 209] at p. 1.

Garrett moved to strike the Opposition based on its length, among other reasons. He also seeks to be relieved of the obligation of filing his reply in support of the motion for summary judgment until a decision is made on the motion to strike SBM's Opposition.

The Motion to Strike SBM's Opposition [Doc. # 194] is not before me for determination; the district judge has retained it to himself. I would grant it if it were my decision to make. In my view, SBM's Opposition is abusive in its excess. Consequently, it is unfair to require Garrett to file a reply addressing an abusive response.

The Motion for Extension [Doc. # 209] is GRANTED. Garrett may file a reply in support of his Motion for Summary Judgment on the First, Second, Fourth, Sixth, and Eleventh

---

[1] Significantly, there is a motion pending to strike SBM's response due to its excessive length. I express my view, infra, that the motion to strike should be granted.

Claims for Relief [Doc. # 144] at the earlier of 14 days after (a) the district judge rules on the Motion to Strike SBM's Opposition [Doc. # 194], if he denies that motion, or (b) SBM files a substitute response.

### 3. Plaintiff's Unopposed Motion to Seal Records [Doc. # 257]

The plaintiff seeks an order allowing it to file under seal "Exhibits 1-9 to the Declaration of Tim Bryan. . . ." Plaintiff's Unopposed Motion to Seal Records [Doc. # 257] at p. 1. The documents are found at CM-ECF Doc. # 262, filed 3/2/2011 Under Seal. I am informed that the documents are among the trade secrets which the plaintiff claims Garrett improperly accessed and is using to compete against it.

In Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), I addressed the competing considerations implicated in a motion to seal court documents. Although there is a presumption of public access to court files, id. at 635, the right to inspect and copy judicial records is not absolute. Id. at 636. Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing. Id. at 637, quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978).

The plaintiff contends that Doc. # 262 contains its trade secrets and confidential and proprietary business information; the defendants do not contend to the contrary; and my review of the documents confirms that they are business materials containing information that may be confidential. On the record now before me, it appears that the Plaintiff's Unopposed Motion to Seal Records [Doc. # 257] must be GRANTED.

## 4. Motion for Protective Order [Doc. # 208]

Garrett requests a protective order relieving him of the obligation imposed by three production requests served by the plaintiff. The requests at issue seek:

> REQUEST FOR PRODUCTION NO. 25: Please produce forty original DOCUMENTS prepared in YOUR normal course of business in 1996 that constitute and/or contain YOUR original signature on a signature line (for example, agreements, deeds of trust, checks, etc.).
>
> REQUEST FOR PRODUCTION NO. 26: Please produce forty original DOCUMENTS prepared in YOUR normal course of business in 1997 that constitute and/or contain YOUR original signature on a signature line (for example, agreements, deeds of trust, checks, etc.).
>
> REQUEST FOR PRODUCTION NO. 27: Please produce forty original DOCUMENTS prepared in YOUR normal course of business in 2006 that constitute and/or contain YOUR original signature on a signature line (for example, agreements, deeds of trust, checks, etc.).

SBM's Requests for Production of Documents, Set Two, to John Garrett [Doc. # 277-2] at p. 5.

The documents are relevant or reasonably calculated to lead to the discovery of admissible evidence because they are handwriting exemplars and may be used in connection with evidence concerning the authenticity of certain disputed documents purportedly signed by Garrett.

This discovery was served on October 14, 2010, and the parties agreed that Garrett's responses were due on or before November 30, 2011. Garrett failed to respond, and on January 5, 2011, the plaintiff moved to compel. Plaintiff SBM's Motion to Compel [Doc. # 127]. Garrett responded to the motion to compel by stating that "[o]n January 12, 2011, Garrett served most of the discovery responses on SBM and on January 18, 2011, Garrett served the

remainder." Response to SBM's Motion to Compel [Doc. # 181, filed 1/18/2011]. I questioned Garrett's counsel about this production during the hearing on SBM's Motion to Compel, resulting in the following colloquy:

> MR. MARTINEZ: Well, Your Honor, . . . we did file our responses. And while we filed the obligatory objections in those responses to breadth and scope and all of that, we fully responded.
>
> THE COURT: Okay. So nothing has been withheld--
>
> MR. MARTINEZ: Correct.
>
> THE COURT: --based on any of those objections.
>
> MR. MARTINEZ: That's correct, Your Honor. So they have our full response. We provided--we provided all documents that Mr. Garrett has. Those documents are in electronic searchable format, and they are being fully searched by SBM and their consultants. So they have full benefit of all documents that--that Garrett has on all of his equipment, including his Dropbox which is going to be produced again.
>
> So, we have fully responded. We are not--we have not withheld any information that would have been in a response not objected to. We've done a full response. There is no prejudice.

Transcript of Proceedings, January 21, 2011 [Doc. # 193] (the "1/21/2011 Trans.") at p. 23 line 25 through p. 24 line 20.

The representation was not accurate; no documents were produced in response to Production Requests Nos. 25-27. Counsel attempts to excuse the misstatement by arguing that his focus at the January 21 hearing was on the "status regarding the production of electronic discovery, not the production of original signatures. . . ." Garrett's Reply [Doc. # 348] at p. 4. The excuse is not persuasive. Garrett's counsel assured me that all responsive documents had been produced and that no document was withheld based on any objection. I relied on the

representation and ruled:

> [W]ith respect to the written discovery, I am informed that it has now been fully answered and that no materials or information has been withheld on a claim of privilege, or otherwise except as specified in a privilege log, so I'm not going to enter any order that objections are waived or other sanction is imposed. I deny further relief with respect to the written discovery.

1/21/2011 Trans. [Doc. # 193] at p. 49 lines 17-24.

Three months later, I will hold Garrett's counsel to his representation. Garrett must produce documents responsive to Requests for Production Nos. 25-27, his previous, unsubstantiated objections notwithstanding.

Garrett's objections to Requests for Production Nos. 25-27 must be overruled and responsive documents must be produced regardless of the earlier representations. Garrett resists the request as unduly burdensome and oppressive. Motion for Protective Order [Doc. # 277] at p. 3. The issue of burden is raised only in the argument of Garrett's counsel. There is no evidence establishing the burden, including no evidence of the time required or any expense associated with meeting the request. If, as the requests suggest, Garrett maintains a checking account and writes checks, the burden appears to be minimal.

Garrett implies that it may be impossible for him to satisfy the production request, see id. at p. 2 (stating that the burden of locating the signatures, "if even possible," would be substantial), but he stops short even of stating, and certainly provides no evidence in the form of an affidavit or otherwise to establish, that compliance is not possible.

The Motion for Protective Order [Doc. # 277] is DENIED, and Garrett must produce documents in his possession, custody, and control responsive to SBM's Requests for Production Nos. 25-27.

IT IS ORDERED:

1. The Motion to Withdraw Admissions [Doc. # 208] is GRANTED. Defendant John Garrett's Responses to SBM's Requests for Admissions [Doc. # 208-2] are substituted for the deemed admissions;

2. The Motion for Extension [Doc. # 209] is GRANTED. Garrett may file a reply in support of his Motion for Summary Judgment on the First, Second, Fourth, Sixth, and Eleventh Claims for Relief [Doc. # 144] at the earlier of 14 days after (a) the district judge rules on the Motion to Strike SBM's Opposition [Doc. # 194], if he denies that motion, or (b) SBM files a substitute response;

3. Plaintiff's Unopposed Motion to Seal Records [Doc. # 257] is GRANTED, and Doc. # 262 is SEALED; and

4. The Motion for Protective Order [Doc. # 277] is DENIED. Garrett shall produce documents in his possession, custody, and control responsive to SBM's Requests for Production Nos. 27-29 on or before **April 21, 2011**.

Dated April 12, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge