IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00385-WJM-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

Plaintiff,

v.

JOHN GARRETT, an individual, and
CROWN BUILDING MAINTENANCE, INC., d/b/a Able Building Maintenance, d/b/a Able Services, d/b/a Able Acquisition Corp.,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1) **Defendant John Garrett's Motion to Strike SBM's Over 1000-Page Opposition to Defendant Garrett's Motion for Summary Judgment as Abusive, Oppressive, and In Violation of Rules 37(c) and 56** [Doc. # 194, filed 2/4/2011] (the "Motion to Strike");[1]

(2) **SBM Site Services, LLC's Emergency Motion for Contempt of the June 13, 2011 Order and Preliminary Injunction, August 16, 2011 Order, and August 31, 2011 Order** [Doc. # 456, filed 9/21/2011] (the "Motion for Contempt"); and

(3) Able's **Motion for Leave to File Surreply** [Doc. # 475, filed 10/21/2011] in opposition to the Motion for Contempt.

---

[1] The Motion to Strike was referred to me for determination on October 19, 2011. Text Entry [Doc. # 470, filed 10/19/2011].

John Garrett filed a Motion for Partial Summary Judgment [Doc. # 101] on November 19, 2010.  Nine exhibits were attached.  The motion and exhibits, combined, total 102 pages.  SBM responded, SBM's Opposition [Doc. # 144] (the "Response").  The Motion to Strike reports, and SBM does not contend otherwise, that:

> The [Response] consisted on 911 pages: 20-page brief, 4 declarations, and 57 exhibits.  Additionally, the [Response] also referred to four other Declarations and their exhibits from other pleadings. . . .
>
> With the inclusion of those four Declarations, the size of SBM's Opposition is well over 1000 pages.

Motion to Strike [Doc. # 194] at p. 2.

The Response is abusive in its excess, and the Motion to Strike is granted.  SBM may file a renewed response, which complies with the local rules of this court, on or before **December 5, 2011**.

SBM requests that I hold Able in contempt for its alleged failures to comply with the Order and Preliminary Injunction [Doc. # 364] entered on June 13, 2011, and related orders.  First, SBM argues that "Able failed to comply with the September 6 deadline to return 'all documents' containing SBM trade secrets 'in whatever form such information exists,' including the metadata that was a part of such documents. . . ."  Motion for Contempt [Doc. # 456] at p. 9.  SBM argues that compliance was not made on September 6, 2011, but more importantly, SBM contends:

> Instead of abiding by the unambiguous terms of the Court's PI Order, Able transformed its documents into single-page TIFF images.  This transformation . . . altered the documents, stripping away content such as metadata, and in some cases emails (and possibly other documents) to which returned information was attached.  Able returned to SBM what are effectively photos of a

>> portion of the documents containing SBM's trade secrets, rather than the documents themselves. . . .
>
> Able's meticulous deconstruction of the actual documents violated the terms of the PI Order and hobbles SBM's ability to assess the extent of Able's compliance.

Id. at p. 11.

SBM also complains:

> Able . . . failed to produce the "electronic documents" containing SBM's trade secret materials "in whatever form such information exists" by deconstructing email documents so as to return only their attachments. . . . When information is incorporated into an email through attachment, it becomes part of the email (just as information stapled to a cover letter is a part of the letter).

Id. at p. 13.

Finally, SBM argues that "Able has refused to search its back-up tapes or to return SBM trade secret information located on those tapes." Id. at p. 14.

The purpose of the Preliminary Injunction was to preclude Able's access to and use of SBM's trade secrets to the competitive disadvantage of SBM. I am convinced that Able's compliance efforts have satisfied that purpose. Because the purpose of the Preliminary Injunction has been achieved, I deny SBM's Motion for Contempt [Doc. # 456].

I have not reviewed Able' s proposed surreply in opposition to the Motion for Contempt, and I do not require briefing beyond the motion, response, and reply. Consequently, the Motion for Leave to File Surreply [Doc. # 475] is denied.

IT IS ORDERED:

(1) The Motion to Strike [Doc. # 194] is GRANTED. SBM's Opposition [Doc. # 144] is STRICKEN. SBM may file a renewed opposition, that complies with the local rules of this court, on or before **December 5, 2011**;

(2) The Motion for Contempt [Doc. # 456] is DENIED; and

(3) The Motion for Leave to File Surreply [Doc. # 475] is DENIED.

Dated November 14, 2011.

                                                  BY THE COURT:

                                                  s/ Boyd N. Boland
                                                  United States Magistrate Judge