IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00385-WJM-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

Plaintiff,

v.

JOHN GARRETT, an individual, and
CROWN BUILDING MAINTENANCE, INC., d/b/a Able Building Maintenance, d/b/a Able Services, d/b/a Able Acquisition Corp.,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1)   **SBM's Motion to Compel Able to Produce Documents In Response to SBM's First Set of Requests for Production** [Doc. # 472, filed 10/20/2011] (the "First Motion to Compel"); and

(2)   **SBM's Motion to Compel Interrogatory Responses and Production of Documents** [Doc. # 480, filed 10/27/2011] (the "Second Motion to Compel").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here. Consistent with my oral rulings this morning,

IT IS ORDERED:

(1)     The First Motion to Compel [Doc. # 472] is GRANTED IN PART and DENIED IN PART as follows:

• DENIED as moot with respect to Production Requests Nos. 1, 3, 4, 8, 10, and 14, based on the agreement of the parties.

(a) **Production Request No. 2**

• GRANTED to require Able to produce all documents and communications relating to Garrett's current and prospective accounts and clients concerning the acquisition of accounts and providing or delivering services;

• DENIED insofar as it seeks all documents and communications relating to Garrett's employment with Able.

(b) **Production Request No. 5**

• GRANTED to require Able to produce all documents and communications relating to any interaction from July1, 2009, to the present between Able and any known actual customer of SBM.  The parties are directed to confer to assure that the request is not interpreted to require production of trivial or clearly irrelevant documents.

(c) **Production Request No. 6**

• GRANTED to require Able to produce all emails from July 1, 2009, to the present between Able and Garrett's email accounts, including attachments.  The parties are directed to confer to assure that the request is not interpreted to require production of trivial or clearly irrelevant documents.

(d) **Production Request No. 7**

• GRANTED to require Able to produce all documents relating to any communications between Able and Garrett from July 1, 2009, to the present relating to SBM.

(2) The Second Motion to Compel [Doc. # 480] is GRANTED IN PART and DENIED IN PART as follows:

• DENIED as moot with respect to Interrogatories No. 9, based on the agreement of the parties.

(a) **Interrogatory No. 6**

• GRANTED to require Able to answer the interrogatory for the period of time February 1, 2005, to the present and to define the term "facilities specific marketplace" to mean any services or work involving custodial and janitorial, move-add-change, solid waste recycling, building maintenance, and related ancillary services.

(b) **Interrogatory No. 7**

• DENIED.

(c) **Interrogatory No. 8**

• GRANTED, subject to the same limitations as imposed in connection with Interrogatory No. 6.

(d) **Interrogatory No. 10**

• GRANTED, subject to the same limitations as imposed in connections with Interrogatory No. 6.

(e) **Interrogatory No. 11**

• GRANTED to require Able to answer the interrogatory to identify documents used from January 1, 2008, to the present in order to obtain or solicit business or to provide or deliver services.

(f) **Interrogatory No. 15**

• GRANTED to require Able to answer the interrogatory. The parties are directed to confer to assure that the request is not interpreted to require an answer identifying trivial or clearly irrelevant documents.

(3) Able shall provide supplemental discovery responses consistent with the formalities of the Federal Rules of Civil Procedure and produce all documents consistent with this Order on or before December 23, 2011.

(4) At the request of SBM and Able, and over the objection of Mr. Garrett, the case schedule is modified to the following extent:

> Discovery Cut-Off
>     Fact:                      May 31, 2012
>     Expert:                July 27, 2012
>
> (All discovery must be completed by the discovery cut-off. All written discovery must be served so that responses are due on or before the discovery cut-off.)
>
> Dispositive Motions Deadline:    July 2, 2012
>
> Expert Disclosures:
>
> (a)    The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 8, 2012
>
> (b)    The parties shall designate all rebuttal experts and provide opposing counsel with all information

        specified in Fed. R. Civ. P. 26(a)(2) on or before July 6, 2012

The Final Pretrial Conference will occur on August 9, 2012, at 1:30 p.m., as previously set. The parties shall prepare a proposed final pretrial order and submit it to the court no later than August 2, 2012.

Dated December 5, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge