**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 10-cv-00385-WJM-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

    Plaintiff,

v.

JOHN GARRETT, *et al.*

    Defendants.

---

**ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE**

---

    Plaintiff commenced this action by filing an eleven-count complaint on February 22, 2010. (ECF No. 1.) The case was originally assigned to District Judge Robert E. Blackburn and Magistrate Judge Boyd N. Boland. (ECF No. 4.) Magistrate Judge Boland held an initial Scheduling Conference and entered a Scheduling Order that set the following deadlines: (1) discovery cut-off as October 20, 2010; (2) dispositive motion deadline as November 19, 2010; and (3) Final Pretrial Conferences on January 4, 2011. (ECF No. 26.) Judge Blackburn then set a fifteen day jury trial to commence on February 28, 2011. (ECF No. 27.)

    Since the inception of this case, the parties have had difficulties successfully facilitiating discovery. They have requested multiple protective orders, filed multiple motions to compel, and sought other Court intervention. (*See, e.g.*, ECF Nos. 55, 60, 65.) On November 18, 2010, Defendants filed a Motion to Continue to trial, extend the dispositive motion deadline, and to extend deadlines in the Scheduling Order because

the parties will still in the midst of exchanging a large volume of documents. (ECF No. 94.) On November 19, 2010, because the Motion to Continue had not been acted on, Defendant Garrett filed a Motion for Partial Summary Judgment. (ECF No. 101.)

Magistrate Judge Boland granted Defendants' request to extend discovery and the dispositive motion deadline. (ECF No. 109.) The trial date was also vacated. (ECF No. 125.) Plaintiff filed an Amended Complaint that dropped two of the original claims and included new factual allegations. (ECF No. 190.) The case was reassigned to the undersigned on February 9, 2011. (ECF No. 202.)

A second Scheduling Conference was held on April 14, 2011. (ECF No. 350.) Magistrate Judge Boland entered a Supplemental Scheduling Order that set the following deadlines: (1) discovery cutoff of October 14, 2011; (2) dispositive motion deadline of November 14, 2011; and (3) a final pre-trial conference on January 12, 2012. (ECF No. 351.) These deadlines were again extended on a number of occasions. Having attempted to fully review the docket[1], the current deadlines appear to be as follows: (1) discovery cut-off of July 27, 2012; (2) dispositive motion deadline of July 2, 2012; and (3) a final pre-trial conference on August 9, 2012. (ECF Nos. 434 & 502.)

The Court recites this case history as background for its ruling on Defendant Garrett's Motion for Partial Summary Judgment (hereafter "Motion"). The Motion was

---

[1] The Court notes that, primarily due to the what the Court views as the overly litigious nature of the parties, the docket in this case is incredibly confusing and needlessly cumbersome. The Court expects the parties to streamline their future filings (*e.g.,* file evidence in support of motions as attachments rather than separate docket entries) and attempt to work in a more collaborative manner for the remainder of the case. The District Judge is prepared to more aggressively restrain the parties and their filings should future circumstances require.

filed on November 19, 2010 at docket entry 101.  That was over one year ago and, to date, this case has 539 docket entries.  Garrett admitted in his Motion that he was filing it solely because his motions for extension of discovery and other case deadlines had not yet been ruled on.  (ECF No. 101 at 2.)  Garrett stated that the Motion was being filed "in an abundance of caution in the event that the Court does not extend the dispositive motion deadline.  However, if the Motion is granted and the dispositive motion deadline is extended, then Mr. Garrett reserves the right to withdraw and resubmit a new dispositive motion or to supplement this Motion for Summary Judgment." (*Id*. at 2.)  As set forth above, the Court has extended the dispositive motion deadline on a number of occasions and it currently stands at July 2, 2012.

Since Garrett filed his Motion, the case has changed significantly.  An Amended Complaint was filed.  The parties have engaged in extensive additional discovery.  The Court (principally through the diligent work of Magistrate Judge Boland) has made a number of additional rulings.  In short, the case is in an entirely different procedural and substantive posture than when the Motion was filed.  Accordingly, the Court finds that, rather than addressing this outdated Motion, it would be a more efficient use of judicial resources to deny the Motion without prejudice and allow Garrett the opportunity to file a renewed motion for summary judgment that encompasses the current posture of the case.

Accordingly, Defendant Garrett's Motion for Partial Summary Judgment (ECF No. 101) is DENIED without prejudice to Garrett refiling said motion before expiration of the dispositive motion deadline.

Dated this 31st day of January, 2012.

BY THE COURT:

William J. Martínez
United States District Judge