IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 10-CV-00385-WJM-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

                              Plaintiff,

v.

JOHN GARRETT, an individual;
and CROWN BUILDING MAINTENANCE, INC., d/b/a Able
Building Maintenance, d/b/a Able Services, d/b/a Able Acquisition
Corp.,

                              Defendants.

## AMENDED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of an amended protective order to protect the discovery and dissemination of trade secret information, proprietary and/or confidential materials, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    This Amended Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in the Amended Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    This Amended Protective Order shall replace the Stipulated Protective Order entered by the Court on June 14, 2010 [Doc. # 39].

4. The Court and the Parties acknowledge the related action pending in the Superior Court of California in and for the County of San Francisco, *Crown Building Maintenance, Inc. v. SBM Site Services, LLC (and related Cross-Actions)*, Case No. CGC-10-505398 ("SF Action").

**CONFIDENTIALITY DESIGNATIONS AND LIMITATIONS ON DISCLOSURE**

**"CONFIDENTIAL" Designation.**

5. Documents, materials, and information may be designated "CONFIDENTIAL." Documents, materials, and information designated CONFIDENTIAL shall be confidential in nature and implicate common law or statutory privacy or proprietary business, commercial, financial, and/or trade secret interests of the Parties ("Confidential Information"), as determined in good faith by the producing Party. Confidential Information shall be used solely for purposes of this litigation and/or the SF Action and shall not be used by such Party or persons for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

6. A Party may designate as CONFIDENTIAL any Confidential Information produced by another Party or non-party by providing written notice to all parties and, where appropriate, the producing non-party of such designation. Similarly, a non-party may designate Confidential Information it produces as CONFIDENTIAL under this Amended Protective Order by complying with the requirements of paragraph 22 herein. After such designation by either a Party or non-party, such Confidential Information shall be fully subject to this Amended Protective Order and treated thereafter according to the new designation.

7. Confidential Information designated as CONFIDENTIAL shall not be disclosed to any person or entity other than:

    (a) The Court and its staff;

(b) Trial counsel of record and employees of such counsel of record (such as paralegals, secretaries, and clerks) actively engaged in this litigation and/or the SF Action;

(c) Individuals who are parties, or officers, directors, employees, or managers of any Party to this litigation and/or the SF Action;

(d) Consultants, experts, and other outside counsel (and the professional secretarial and clerical staff of such persons or entities) who are retained by counsel to furnish services in connection with this litigation and/or the SF Action;

(e) Professional vendors (and their employees and subcontractors) who are retained by any Party or its trial counsel to provide litigation support services in this litigation and/or the SF Action (*e.g.*, photocopying, preparation of demonstrative exhibits, etc.);

(f) Court reporters and videographers (and necessary support personnel of such court reporters and videographers) who are retained in connection with depositions taken by any Party in this litigation and/or the SF Action to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition; and

(g) Deposition or trial witnesses in this litigation and/or in the SF Action.

If a Party wishes to disclose any Confidential Information designated as CONFIDENTIAL to any person not described in subparagraphs (a)-(g) above, permission to so disclose must be requested from the producing party or designating party in writing. If the producing Party or designating Party objects to the proposed disclosure within five (5) business days, no such

disclosure shall be made unless, upon motion by the party requesting such permission, the Court orders otherwise.

**"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Designation.**

8. Confidential Information may be designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" ("AEO"). Confidential Information designated CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be highly-sensitive Confidential Information, which if disclosed to another Party would create a risk of injury that could not be avoided by less restrictive means, as determined in good faith by the producing Party. Confidential Information designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be used solely for purposes of the litigation and/or the SF Action and shall not be used by such Party or persons for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

9. A Party may designate as CONFIDENTIAL – ATTORNEYS' EYES ONLY any Confidential Information produced by another Party or non-party by providing written notice to all Parties and, where appropriate, the producing non-party of such designation. Similarly, a non-party may designate Confidential Information it produces as CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Amended Protective Order by complying with the requirements of paragraph 22 herein. After such designation, such Confidential Information shall be fully subject to this Amended Protective Order and treated thereafter according to the new designation.

10. Confidential Information designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY shall not be disclosed to any person or entity other than:

    (a)    The Court and its staff;

(b) Trial counsel of record and employees of such counsel of record (such as paralegals, secretaries, and clerks) actively engaged in this litigation and/or the SF Action;

(c) Consultants, experts, and other outside counsel (and the professional secretarial and clerical staff of such persons or entities) who are retained by counsel to furnish services in connection with this litigation and/or the SF Action;

(d) Professional vendors (and their employees and subcontractors) who are retained by any Party or its trial counsel to provide litigation support services in this litigation and/or the SF Action (e.g., photocopying, preparation of demonstrative exhibits, etc.); and

(e) Court reporters and videographers (and necessary support personnel of such court reporters and videographers) who are retained in connection with depositions taken by any Party in this litigation and/or the SF Action to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition.

If a party wishes to disclose any Confidential Information designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY to any person not described in subparagraphs (a)-(e) above, permission to so disclose must be requested from the producing party or designating party in writing. If the producing party or designating party objects to the proposed disclosure within five (5) business days, no such disclosure shall be made unless, upon motion by the party requesting such permission, the Court orders otherwise.

11. To the extent SBM produces documents, materials, or information in discovery that were returned to SBM by Defendants Crown Building Maintenance, Inc. ("Able") or John Garrett pursuant to the Preliminary Injunction Order entered by the Court on June 13, 2011 [Doc. # 364], such documents, materials, or information shall be designated CONFIDENTIAL - ATTORNEYS' EYES ONLY and additionally labeled "PI RETURN MATERIAL."

12. In addition to the persons identified in paragraph 10 above, the following officers and employees of Plaintiff SBM Site Services, LLC ("SBM") will be permitted to view Confidential Information designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY as set forth in paragraph 13 herein: Charles Somers, Ken Silva, Ron Alvarado, and Devin Morales (collectively referred to as "<u>SBM Client Representatives</u>").

13. Pursuant to the Stipulation and Protective Order entered by the San Francisco Superior Court in the SF Action on April 28, 2011, SBM Client Representatives may view the following CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, and information that have not been designated as "privileged" on a privilege log as follows:

(a) With respect to documents, materials, and information derived from Able servers and any computer assigned to an Able agent or employee, SBM Client Representatives may view CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, and information containing SBM metadata ("Metadata Documents").

(b) With respect to documents, materials, and information derived from Able's servers and any computer assigned to an Able agent or employee, SBM Client Representatives may view CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, and information

created on or after January 1, 2010, and (1) are e-mail threads that attach or discuss Metadata Documents; or (2) reference SBM, Jones Lang LaSalle, Coca-Cola, Avaya, Nationwide, Honeywell, Genentech, Lockheed, Kaiser, Toyota, or CB Richard Ellis.

    (c)    SBM Client Representatives may not view any documents, materials, or information containing Able accounting or financial performance data stored on any Able servers or any computer assigned to an Able agent or employee absent a stipulation by Able or court order.

14.     SBM Client Representatives may not possess or retain the CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, or information. SBM Client Representatives may only view CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, or information at their counsel's offices or via a secure electronic network that does not allow them to download or transmit copies of such documents, materials, or information. SBM Client Representatives may not disclose the contents of CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, or information to any Party or use anything they learn from the CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, or information outside of this litigation and/or SF Action. The viewing of CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, material, or information by the SBM Client Representatives shall not constitute a waiver of any privilege or trade secret.

**DISCLOSURE OF CONFIDENTIAL INFORMATION TO DEFENDANT GARRETT**

15.     While Garrett remains *in pro per*, he shall only be permitted to view Confidential Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY (including unredacted pleadings and other documents lodged or filed under seal with or by the Court) at the

law offices of Husch Blackwell, LLP located at 1050 17th Street, Suite 1500, Denver, CO 80265; (303) 892-4421. Garrett shall be permitted to view such CONFIDENTIAL – ATTORNEYS' EYES ONLY documents, materials, and information during Husch Blackwell's normal business hours, so long as he provides 24 hour notice by email to both Jeffrey A. Chase (jeffrey.chase@huschblackwell.com) and N. Reid Neureiter (reid.neureiter@huschblackwell.com). Should Garrett need to lodge or file with the Court Confidential Information designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, he shall specifically identify such Confidential Information in his pleading, by bate-stamp number if possible, and counsel for SBM will lodge or file those documents under seal within two (2) business days thereof.

16. Should Garrett obtain counsel at any time during this litigation and/or the SF Action, he shall no longer be permitted to view Confidential Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY (including unredacted pleadings and other documents lodged or filed under seal with or by the Court).

**GENERAL PROVISIONS REGARDING CONFIDENTIAL INFORMATION**

17. Any person receiving Confidential Information pursuant to this Amended Protective Order shall not disclose such Confidential Information to any person to whom disclosure is not authorized by the express terms of this Amended Protective Order, and shall not make any other disclosure of such Confidential Information for any purpose whatsoever, commercial or otherwise. Confidential Information shall not be used by any receiving person or party except in connection with this litigation and/or the SF Action. Use by any person of Confidential Information for any purpose other than the conduct of this litigation and/or the SF Action shall be a violation of this Amended Protective Order.

18. In the event that additional persons or entities become parties to this action, they shall not have access to Confidential Information so designated in this action until the newly-joined party and its counsel of record confirms in writing that it agrees to be bound by the terms of this Amended Protective Order.

19. Except as expressly authorized herein, this Amended Protective Order shall not, in any way, effect or alter the conditions and requirements of the Preliminary Injunction Order [Doc. # 364]. Moreover, nothing in this Amended Protective Order shall preclude SBM's officers, directors, employees, or managers from viewing documents and materials returned by Garrett or Able pursuant to the Preliminary Injunction Order.

20. Nothing in this Amended Protective Order shall constitute a waiver of any privilege or trade secret. The designation of, or failure to designate, documents, materials, or information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be utilized by any Party in any way to assert that documents, materials, and information at issue in this lawsuit or the SF Action constitute or do not constitute trade secret or proprietary information in this lawsuit or the SF Action.

21. Prior to disclosing any Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY to any person listed above (other than the Court and its staff; trial counsel of record and employees of such counsel of record; and court reporters and videographers), counsel shall provide such person with a copy of this Amended Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A stating that he or she has read this Amended Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing

counsel.

22. Documents and materials shall be designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." If and to the extent that such information is entered as an Exhibit at the trial relating to this action, a clean copy of the document without the legend may be submitted for admission into evidence.

23. Whenever a deposition involves the disclosure Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY the deposition or portions thereof may be designated as such and shall be subject to the provisions of this Amended Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY after transcription, so long as counsel for the Party requesting the designation reserves the right to so designate on the record during the deposition and provides written notice of the designation to all counsel of record within ten (10) business days after receipt of the rough transcript of the deposition.

24. A Party may object to the designation of a particular document, material, or information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY by giving written notice to the Party designating the disputed document, material, or information. The written notice shall specifically identify the document, material, or information to which the objection is made. If the Parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the Party designating the document [~~objecting to the designation~~] to file an appropriate motion requesting that the Court determine whether the disputed document,

[margin handwritten note: material, or information as Confidential or Confidential - Attorneys' Eyes Only]

material, or information should be subject to the terms of this Amended Protective Order. The disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY under the terms of this Amended Protective Order until the Court rules on the motion.

25. ~~The filing of any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, materials, or information shall be made under seal, in compliance with D.C.COLO.LCivR 7.2.~~ *Any motion to restrict access to documents, materials, or information shall comply with the requirements of D.C.COLO.LCivR 7.2.*

26. The restrictions on the use of Confidential Information established by this Amended Protective Order are applicable only to documents, materials, and information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY. Aside from this limitation, but expressly subject to it, this Amended Protective Order shall not restrict a Party's use of documents, materials, and information which that Party possessed before the commencement of this action or acquired after the commencement of this action through informal means not involving discovery or other compulsory process.

27. At the conclusion of this case, unless other arrangements are agreed upon, Confidential Information and all copies thereof which have been designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be returned to the Party that designated it, or the Parties may elect to destroy the Confidential Information. Where the Parties agree to destroy the Confidential Information, the destroying Party shall provide all Parties with an affidavit confirming the destruction. Each Party's counsel shall be permitted to keep one copy for its files of any work product that may contain or reference Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY. However, such copies shall be kept in a confidential manner and documents shall retain

their status until they are destroyed as part of counsel's regular file retention and destruction process.

28.     Any and all Confidential Information produced by any Party or non-party pursuant to this Amended Protective Order will be deemed to have been produced pursuant to the Stipulated Protective Order entered in the SF Action on April 28, 2011, or any subsequent protective order entered in the SF Action. Conversely, any and all Confidential Information produced by any Party or by a non-party pursuant to the operative protective order entered in the SF Action will be deemed to have been produced in this litigation pursuant to this Amended Protective Order.

**IT IS SO ORDERED.**

Dated:

By: _____
United States Magistrate Judge Boland

## Exhibit A: Acknowledgment and Agreement to be Bound

I, _____, hereby declare and certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of a protective order between the Parties to an action entitled *SBM Site Services, LLC v. John Garrett et al.*, United States District Court for the District of Colorado, Civil Action No. 10-CV-00385-WJM-BNB.

I have been given a copy of the Amended Protective Order and I have read it. I agree to be bound by the terms of the Amended Protective Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information to the counsel who provided me with it.

For the purposes of enforcing the terms of the Amended Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

Dated: _____    Signed _____

                                                                          Name: _____

                                                                          Address: _____

                                                                          _____

                                                                          Telephone: _____

617347.01