IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00385-WJM-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

Plaintiff,

v.

JOHN GARRETT, an individual, and
CROWN BUILDING MAINTENANCE, INC., d/b/a Able Building Maintenance, d/b/a Able
Services, d/b/a Able Acquisition Corp.,

Defendants.

_____

**ORDER**

_____

A status conference occurred this afternoon concerning outstanding discovery issues.  I

made rulings on the record, which are incorporated here.  Consistent with matters discussed at

the status conference,

IT IS ORDERED:

(1)     Rule 30(b)(6) depositions shall not exceed 16 hours taken over two, non-

consecutive days;

(2)     The Rule 30(b)(6) deposition of SBM shall occur in San Francisco, California,

beginning on February 24, 2012;

(3)     On or before **February 29, 2012**, the parties shall submit a deposition schedule

specifying the identity of each deponent and the date and location of each deposition to be taken

on or before April 13, 2012.  Thereafter, I will enter an order establishing the deposition

schedule through April 13, 2012, which may be altered only by the agreement of all parties filed

with the court as a stipulation or by court order.  On or before **March 30, 2012**, the parties shall submit a deposition schedule specifying the identity of each deponent and the date and location of each deposition to be taken after April 13, 2012, but prior to the close of discovery. Thereafter, I will enter an order establishing the deposition schedule through the close of discovery, which may be altered only by the agreement of all parties filed with the court as a stipulation or by court order.  The parties shall reserve May 21 through 31, 2012, for "clean up" depositions.  Each party should anticipate taking one, but not more than two, "clean up" depositions.  In general, a "clean up" deposition is the deposition of a witness whose testimony could not reasonably have been foreseen as necessary at the time the deposition schedules were submitted on February 29 and March 30, 2012;

(4)     Depositions other than those taken pursuant to Rule 30(b)(6) shall not exceed one day of seven hours.  In the event the parties cannot agree to the allocation of time for a single deponent, each party may notice the deposition of the witness, which will entitle the noticing party to inquire for not more than seven hours.  Where a single witness is noticed by more than one party, the parties shall cooperate to assure that the depositions of a single witness occur on consecutive days;

(5)     Absent the agreement of all parties, depositions shall occur within the judicial district where the witness is amenable to service of process;

(6)     Each corporate party shall designate a single individual to serve as its corporate representative for all purposes for the remainder of this litigation, and shall file on or before **February 20, 2012**, a notice identifying the corporate representative and attaching an executed Exhibit A: Acknowledgment and Agreement to be Bound by the Amended Protective Order

2

[Doc. # 547].  The designated corporate representative may review Confidential-Attorneys' Eyes

Only documents as permitted by paragraph 10 of the Amended Protective, attend depositions

that relate to or may involve the disclosure of  Confidential-Attorneys' Eyes Only information,

and review deposition transcripts or video segments of depositions that relate to or may involve

the disclosure of  Confidential-Attorneys' Eyes Only information absent court order to the

contrary;

(7)     The defendants shall respond to SBM's Motion to Enforce December 5, 2011

Discovery Order [Doc. # 548] on or before **February 17, 2012**, and SBM shall reply on or

before **February 24, 2012**.

Dated February 13, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge