# EXHIBIT 1-C

RECEIVED
JAN 18 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00385-REB-BNB

SBM SITE SERVICES, LLC, an Oregon Limited Liability Company,

v.

JOHN GARRETT, an individual, and
DOES 1 through 100, inclusive

---

**DEFENDANT JOHN GARRETT'S RESPONSES TO SBM's REQUESTS FOR ADMISSIONS, SET ONE, TO JOHN GARRETT**

---

Defendant, John Garrett ("Defendant"), through his attorneys, Larry R. Martinez, Esq. and Robin L. Nolan, Esq. of Berenbaum Weinshienk PC, hereby submits the following responses to SBM's Requests for Admissions, Set One, To John Garrett:

## GENERAL OBJECTIONS

These responses are made without waiver of, and with the preservation of the following:

1. Mr. Garrett objects to each and every Request for Admission to the extent it seeks information subject to the attorney-client privilege and/or work product doctrine. Mr. Garrett will not produce information or documents protected by the attorney-client and/or work product doctrine privileges or any other privilege that would make the information immune from discovery in whole or in part. Mr. Garrett does not intend by these responses or objections to waive any applicable privilege. Mr. Garrett will provide a privilege log for all relevant privileged information reviewed, created, or revealed prior to the threat of litigation in this matter.

2. Mr. Garrett objects to the definitions and instructions to the Interrogatories to the extent that they are vague, ambiguous, overbroad and capable of being construed to impose obligations on Mr. Garrett beyond those imposed by the Federal Rules of Civil Procedure. Mr. Garrett has used reasonable diligence to provide responsive information to SBM's Interrogatories, Set One, to John Garrett.

3. Mr. Garrett objects to each and every Request for Admission to the extent that it seeks information or documentation in the possession, custody, or control of third parties.

4. Mr. Garrett objects to each and every Request for Admission to the extent that it seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant or admissible evidence.

5. Mr. Garrett objects to each and every Request for Admission to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome.

6. Mr. Garrett objects to each and every Request for Admission to the extent that it seeks information or documents that were originally prepared by or are already in SBM's possession.

7. Mr. Garrett has not completed his investigation of the facts relating to this action, has not interviewed all witnesses in this action, and has not yet completed his preparation for trial. All of the responses contained herein are based only upon such information and documents that are presently available to and specifically known to Mr. Garrett. It is anticipated that further discovery, independent investigation, legal research, analysis and trial preparation will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations to the responses set forth herein.

Consequently, the following responses, objections and answers are given without prejudice to Mr. Garrett's rights to amend these responses at a later date, to produce at the time of trial subsequently-discovered evidence relating to proof of presently-known material facts, and to produce all evidence relating to proof of subsequently-discovered material facts.

These general objections are incorporated into each one of Mr. Garrett's responses below.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the KIEFT CD contained information RELATING TO SBM, including (without limitation) information relating to SBM's processes, procedures, forms, training material, customer service, human resources, accounting, procurement technology, marketing and safety policies.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU did not destroy the KIEFT CD after resigning from SBM.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU did not return the KIEFT CD to SBM.

**RESPONSE:**

Admitted that pursuant to an email conversation with Mr. Paul Emperador, Director of Human Resources at SBM, Mr. Garrett destroyed the CD.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU activated the drive lock on the LAPTOP prior to returning it to SBM.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that there is no evidence that YOU did not activate the drive lock on the LAPTOP prior to returning it to SBM.

**RESPONSE 5:**

Mr. Garrett objects to request for Admission No. 5 on the grounds that the question is overbroad and unduly burdensome. Additionally, Mr. Garrett objects on the grounds that it demands that Mr. Garrett prove a negative. Without waiving such objection, Mr. Garrett denies Request for Admission No. 5.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have contacted SBM customers since January 22, 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOUR duties at ABLE overlap with the duties YOU had as Senior Vice President of SBM.

**RESPONSE:**

Mr. Garrett objects to this request for admission as unduly burdensome and overly broad. In addition, the term "overlap" is vague, ambiguous, and undefined and is therefore subject to more than one meaning. Without waiving such object, Mr. Garrett denies Request for Admission No. 7.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU retained SBM's confidential information for the purpose of advancing YOUR own position with ABLE.

**RESPONSE:**

Mr. Garrett objects to Request for Admission No. 8 as unduly burdensome and overly broad. In addition, the term "confidential" and the phrase "advancing your own position" are vague, ambiguous, and undefined and are therefore subject to more than one meaning. Without waiving such objections, Mr. Garrett denies Request for Admission No. 8.

**REQUEST FOR ADMISSION NO. 9:**

Admit that since February 1, 2010, YOU have used SBM's confidential information obtained from YOUR employment with SBM.

**RESPONSE:**

Mr. Garrett objects to Request for Admission No. 9 as unduly burdensome and overly broad. In addition, the term "confidential" is vague, ambiguous, and undefined and is therefore subject to more than one meaning. Without waiving such objection, Mr. Garrett denies Request for Admission No. 9.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU were involved in the preparation of a preferred provider agreement between Jones Lang Lasalle and ABLE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admitted with the explanation that Able was far along in the process of achieving preferred vendor status prior to Mr. Garrett's commencement of employment with Able given that Able had been working successfully for Jones Lang Lasalle for a period of at least 14 years.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU used information obtained from YOUR employment with SBM to prepare a preferred provider agreement between Jones Lang Lasalle and ABLE.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU assisted in the preparation of the PowerPoint presentation used by ABLE at the presentation it made to Genentech in September 2010.

**RESPONSE:**

Admitted that Mr. Garrett assisted Able Services in the preparation of presentation materials in or around September 2010 for an exploratory meeting with Genentech. At that time, Able was already working for Genentech, servicing an estimated million square foot facility space in the San Francisco area. At the time of the meeting, it was not disclosed which facilities were to be included in any future RFP. Shortly after the presentation, and immediately upon learning that the RFP may include facilities serviced by SBM, Mr. Garrett emailed Genentech several times that Mr. Garrett needed to withdraw from any future involvement.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU prepared the PowerPoint presentation used by ABLE at the presentation it made to Genentech in September 2010.

**RESPONSE:**

Mr. Garrett objects to the use of the term "prepared" as it is vague, ambiguous, and undefined and is therefore subject to more than one meaning. Without waiving such objections, Mr. Garrett denies Request for Admission No. 13.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the PowerPoint presentation used by ABLE at the Genentech presentation in September 2010 originated at SBM.

**RESPONSE:**

Mr. Garrett objects to the use of the term "originated" as it is vague, ambiguous, and undefined and is therefore subject to more than one meaning. Without waiving such objections, Mr. Garrett denies Request for Admission No. 14.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU prepared the PowerPoint presentation used by ABLE at the April 2010 CoreNet Tradeshow.

**RESPONSE:**

Mr. Garrett objects to the use of the term "prepared" as it is vague, ambiguous, and undefined and is therefore subject to more than one meaning. Without waiving such objections, Mr. Garrett denies Request for Admission No. 15.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the PowerPoint presentation used by ABLE at the April 18-20, 2010 CoreNet Global Summit Tradeshow originated at SBM.

**RESPONSE:**

Mr. Garrett objects to the use of the term "originated" as it is vague, ambiguous, and undefined and is therefore subject to more than one meaning. Without waiving such objections, Mr. Garrett denies Request for Admission No. 16.

**REQUEST FOR ADMISSION NO. 17:**

Admit that in or about January 2010 YOU solicited Todd Cordell to leave SBM.

**RESPONSE:**

Mr. Garrett objects to this request for admission as unduly burdensome and overbroad. Additionally, the term "solicited" is vague, ambiguous, and undefined and therefore subject to more than one meaning. Also, the request calls for a legal conclusion. Without waiving such objections, Mr. Garrett denies Request for Admission No. 17.

**REQUEST FOR ADMISSION NO. 18:**

Admit that on or before January 22, 2010, without SBM's consent YOU sent Michael McGee information regarding several bidding opportunities.

**RESPONSE:**

Admitted that Mr. Garrett recalls sending Mr. McGee information regarding information in or around January, 2010. However, these opportunities fell outside SBM's market focus, and the list did not include existing SBM clients.

**REQUEST FOR ADMISSION NO. 19:**

Admit that on or before January 22, 2010, without SBM's consent YOU purposefully sent Michael McGee information regarding a bidding opportunity with Wells Fargo.

**RESPONSE:**

Mr. Garrett objects to this request for admission as unduly burdensome and overbroad. Additionally, the term "purposefully" is vague, ambiguous, and undefined and therefore subject to more than one meaning. Without waiving any objection, Mr. Garret admits that he accidently sent Mr. McGee information on or about January 2010 as he was intending to send the information to Mr. Mike Parker pursuant to instructions to do so by Don Tracy.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU signed the March 27, 2006, Non-Competition, Non-Solicitation and Confidentiality Employment Agreement with SBM.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that as part of YOUR consideration for agreeing to the March 27, 2006, Non-Competition, Non-Solicitation and Confidentiality Employment Agreement YOU received a payment of $191,544.00 from SBM.

**RESPONSE:**

Mr. Garrett objects to Request for Admission No. 21 because it calls for a legal conclusion as to whether the Non-Competition, Non-Solicitation and Confidentiality Employment Agreement is enforceable in whole or in part in the applicable jurisdiction, and whether any such agreement was supported by independent consideration. Without waiving such objection, Mr. Garrett denies Request for Admission No. 21.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOUR employment with ABLE is in direct violation of the Non-Competition, Non-Solicitation and Confidentiality Employment Agreement.

**RESPONSE:**

Mr. Garrett objects to Request for Admission No. 22 because it calls for a legal conclusion as to whether the Non-Competition, Non-Solicitation and Confidentiality Employment Agreement is enforceable in whole or in part in the applicable jurisdiction, and whether any such agreement was supported by independent consideration. Without waiving such objection, Mr. Garrett denies Request for Admission No. 21.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU took SBM's trade secrets without authorization.

**RESPONSE:**

Mr. Garrett objects to Request for Admission 23, because it requires a legal conclusion and is overly broad and unduly burdensome. Additionally, the term "trade secrets" is vague, ambiguous, and undefined and therefore subject to more than one meaning. Without waiving such objections, Mr. Garrett denies Request for Admission 23.

Dated this 7th day of January, 2011

Respectfully submitted,

BERENBAUM WEINSHIENK PC

*s/ Larry R. Martinez*
Larry R. Martinez
Robin L. Nolan

Attorneys for Defendant

# VERIFICATION

I, John Garrett, being of lawful age, have read the foregoing, Defendant John Garrett's Responses to SBM's Requests for Admissions, Set One, To John Garrett and verify that the facts stated therein are true and correct to the best of my knowledge, information and belief.

John Garrett

STATE OF COLORADO )
) ss
CITY AND COUNTY OF DENVER )

Subscribed and sworn to before me this 7th day of January 2011 by John Garrett.

Witness my hand and official seal.

BARBARA BIONDOLILLO NOTARY PUBLIC STATE OF COLORADO

Barbara Biondolillo
Notary Public

My Commission expires: 7/30/2012

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANT JOHN GARRETT'S RESPONSES TO SBM'S REQUESTS FOR ADMISSIONS, SET ONE, TO JOHN GARRETT** on January 12, 2011 via electronic mail and via U.S, First-Class Mail to the following:

William R. Warne, Esq.
Cassandra M. Ferrannini, Esq.
DOWNEY BRAND, LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814

*s/ Barbara Biondolillo*
Barbara Biondolillo