**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 10-cv-00385-WJM-BNB

SBM SITE SERVICES, LLC, an Oregon limited liability company,

    Plaintiff,

v.

JOHN GARRETT, and
CROWN BUILDING MAINTENANCE, INC. d/b/a Able Building Maintenance d/b/a Able Services d/b/a Able Acquisition Corp.,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY

Plaintiff SBM Site Services ("Plaintiff" or "SBM") brings claims against John Garrett ("Garrett") and Crown Building Maintenance Inc. d/b/a Able Building Maintenance ("Able") for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and brings as well various common law and Colorado statutory claims against these Defendants. (Am. Compl. (ECF No. 190).) Before the Court is Plaintiff's Motion to Stay ("Motion") asking the Court to stay this matter until similar litigation in California has concluded. (ECF No. 565.) For the reasons set forth below, the Motion is granted and this case is administratively closed.

### I. LEGAL STANDARD

"[T]he power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis v. North Am. Co.*, 229

U.S. 248, 254 (1936)).  Although it is established that the mere pendency of an action in the state court is no bar to a proceeding concerning the same matter in a federal court having jurisdiction over the same dispute, *McClellan v. Carland*, 217 U.S. 268, 282 (1910), *State Farm Mutual Automobile Ins. Co. v. Scholes*, 601 F.2d 1151, 1154 (10th Cir. 1979), *Duggins v. Hunt*, 323 F.2d 746, 748 (10th Cir. 1963), the granting of a discretionary stay in order to avoid multiple and piecemeal litigation is oftentimes appropriate where concurrent state and federal actions exist.  *See, e.g., Brown v. Chaffee*, 612 F.2d 497, 504 (10th Cir. 1979), *Atchison v. Nelson*, 460 F.Supp. 1102, 1108 (D. Wyo.1978), and cases cited therein. However, "the decision whether to defer to the concurrent jurisdiction of a state court is, in the last analysis, a matter committed to the district court's discretion."  *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 664 (1978).

## II.  PROCEDURAL BACKGROUND

Plaintiff initiated the instant action against Defendant John Garrett on February 22, 2010.  (ECF No. 1.)  Garrett had recently left his employment with SBM and began employment with Able.  Plaintiff alleged that Garrett had misappropriated trade secrets and was using them in his new position.  (*Id*.)  Able was not named as a defendant in the initial Complaint.  (*Id*.)

In mid-January 2011, Able filed a lawsuit in California State Court seeking, amongst other things, a declaration that it had not misappropriated SBM's trade secrets.  SBM answered those claims and filed counterclaims against Able and three of its executives.

SBM filed an Amended Complaint in this case on January 24, 2011 that named Able as a Defendant.  The nature of the claims against Able in this action mirror the counterclaims asserted in the California case.  In lieu of an answer, Able filed a Motion to Dismiss which argued that the Court should decline to exercise jurisdiction over this matter in favor of the California litigation pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).  (ECF No. 217 at 10-11.)   On February 27, 2012, the Court denied Able's Motion to Dismiss in all respects finding that Able had not shown that this case fell in the limited subset of cases which required that the Court decline to exercise jurisdiction under *Colorado River*.  (ECF No. 562.)

SBM filed the instant Motion on March 5, 2012 arguing that the Court should exercise its discretion to stay this action pending resolution of the California case.  (ECF No. 564.)  Able filed its opposition to the Motion on March 9, 2012.  (ECF No. 578.)  On March 12, 2012, Able filed its Answer to Plaintiff's Amended Complaint as well as four counterclaims.  (ECF No. 579 at 36-40.)  Both parties sought leave to file supplemental briefing on the Motion to address the impact of the counterclaims.  The Court granted leave and has considered all briefing submitted by the parties.  (ECF Nos. 582-85.)

### III.  ANALYSIS

In considering whether a stay is appropriate, the Court is to consider: "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Franklin v. Merck & Co.*, No. 06-cv-02164, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

The Court finds that all three factors weigh in favor of granting the stay. The Court finds that there is little potential prejudice to Defendants as the nonmoving parties. Defendant Garrett does not oppose the Motion. (ECF No. 576.) The only prejudice asserted by Able is that the California action is behind this case procedurally and, therefore, staying this action would delay resolution of the issues. (ECF No. 578.) For the reasons set forth below, the Court finds that staying this action in favor of the California case will not prejudice Able.

The Court agrees that this federal action is more advanced than the California action, at least with respect to SBM's claims against Garrett and Able. As the Court noted in its Order denying Able's Motion to Dismiss, Magistrate Judge Boland has entered a preliminary injunction and presided over innumerable discovery disputes between the parties. (*See* ECF No. 562 at 15-16.) However, Able only very recently filed its Counterclaims against SBM. (ECF No. 579.) SBM contends that it will file a motion to dismiss those Counterclaims and will also seek an extension of the discovery deadlines in order to allow it to fully pursue its defense to these Counterclaims. (ECF No. 582-1.) The filing of the Counterclaims sets this case back procedurally and the Court finds that, as a result, this case is not significantly more advanced than the California action.

Additionally, the Court finds that the California action is likely to be tried before this action. The parties agree that Judge Munter, who is presiding over the California action, informed the parties that a trial could be set between October 2012 and February 2013. (ECF No. 578-1.) Even if the Court were to keep its current Scheduling Order in effect, a trial before the undersigned would occur well after February 2013. The undersigned

does not set trial dates until after the final pretrial order is entered by the assigned Magistrate Judge.  WJM Practice Standard V.C (published November 2011).  The undersigned is currently setting trials in March and April of 2013.  This case's Scheduling Order calls for Magistrate Judge Boland to hold a Final Pretrial Conference on August 9, 2012.  By the time the Court sets the trial dates after that conference is held, it will be scheduling trials for, at the earliest, late summer or early fall of 2013.  Therefore, the Court disagrees with Able's contention that this case is significantly closer to trial than the California action.  The Court finds that the parties' resources are better devoted to pursuing the California action and that they are likely to get a more speedy resolution of the issues in that case.  Therefore, Able has not shown that it will suffer any prejudice if the Court stays this matter.

Finally, the Court finds that duplicative litigation in Colorado and California would be wasteful of both the parties' resources and judicial resources and that California is the more appropriate forum for the issues involved in this case.  The Court notes that this case originated as an action between SBM, an Oregon company with its principal place of business in California, and Garrett, an individual that resides in Colorado. (ECF No. 1.) However, it has evolved into something entirely different.  Garrett is not currently employed by either SBM or Able and is representing himself *pro se* in this action.  Even a cursory review of the labyrinthine docket in this case would conclude that Garrett's involvement in this action has become minimal.  This case is now one that has been clearly joined by SBM and Able, both based in California.  Therefore, California is clearly the more convenient forum for both of the significant players in this case.

Neither party contends that the California state court is incapable of properly litigating the claims at issue here, including the federal claims. In fact, both SBM and Able have, at various points in this litigation and the California action, expressed a preference to litigate this case in California. (*See* ECF No. 556-2.) Thus, the Court finds that all parties would be prejudiced by having to face piecemeal litigation in two forums and that the best use of both the parties' and judicial resources is to stay this case in favor of the California action.

Because all three factors weigh in favor of granting a stay, the Court exercises its discretion to grant SBM's Motion to Stay. Pursuant to D.C.COLO.LCivR 41.2 this action will be administratively closed. The parties may seek to reopen this action for good cause shown after the California case has concluded.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion to Stay (ECF No. 565) is GRANTED;

2. Pursuant to D.C.COLO.LCivR 41.2, this action is ADMINISTRATIVELY CLOSED pending a motion to reopen for good cause shown after the California action has concluded.

Dated this 22nd day of March, 2012.

BY THE COURT:

William J. Martínez
United States District Judge